[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2011
JOHN LEY
CLERK

No. 10-10847
Non-Argument Calendar
_____

Agency No. A099-036-943

CESAR JULIO ESLAVA JIMENEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 25, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Cesar Julio Eslava Jimenez, a native and citizen of Colombia, petitions for

review of the order by the Board of Immigration Appeals ("BIA") affirming the

decision of the Immigration Judge ("IJ").  The IJ's decision denied asylum and withholding of removal.[1]  No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").  We review de novo legal determinations of the BIA.  Id.  Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted).  To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it."  Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-

---

[1]Jimenez raises no appellate challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so that issue is abandoned.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287. In part, the applicant must prove that the alleged persecution or fear of persecution was "at least in part" motivated by a protected ground. Sanchez Jimenez v. U.S. Attorney Gen., 492 F.3d 1223, 1233 (11th Cir. 2007).

Jimenez alleged that the Colombian Revolutionary Armed Forces ("FARC") persecuted him because of his political opinion, religion, and membership in a particular social group. Jimenez had co-founded a Christian organization called the Diamond Light and Love Foundation, which provided social services to poor Colombians in rural areas. In November 1998, while meeting with a local leader, Jimenez declared publicly that the Foundation opposed local guerilla groups. Shortly thereafter, members of the FARC entered the Foundation's compound and threatened Jimenez and other Foundation members with death if the Foundation did not support the guerillas and help spread the FARC's message; Jimenez and the other members refused to cooperate. After this incident, the police and the army provided the Foundation with protection from the FARC.

3

The next month, members of the FARC fired shots into the Foundation's building and addressed the members by name, calling them "traitors" and "snitches." Jimenez described the incident as "a crossfire between the army and the guerilla commando," with the army intervening before the FARC was able to enter the building. No Foundation member sustained physical harm during this incident.

After this incident, the Foundation moved to a different town and changed its name; but leaders in the organization (not Jimenez) were attacked and threatened by the FARC. So, the Foundation then moved to Bogota and again changed its name. And members continued to receive threatening phone calls from the FARC. Jimenez never personally received a threatening phone call.

Jimenez helped to produce a weekly radio program. In 2005, people who worked at the radio station told Jimenez that he had received, at the station, two "pamphlets" from the FARC threatening him with death. Jimenez then moved to the United States.

The BIA agreed with the IJ's assessment that the events complained of by Jimenez did not rise to the level of past persecution. The BIA also concluded that Jimenez had not shown that the incidents alleged were motivated by a protected ground but, instead, were motivated by the Foundation's refusal to cooperate with

4

the FARC. And the BIA concluded that Jimenez showed no well-founded fear of future persecution. On appeal, Jimenez argues that he established past persecution and a fear of future persecution based on his political opinion.[2]

After review, we cannot say that the record compels the conclusion that Jimenez suffered past persecution or has a well-founded fear of future persecution because of his political opinion. Jimenez's work with the Foundation centered on providing social services to under-served Colombians. The Foundation was not politically based and Jimenez provided no testimony about his political opinions or political involvement. In addition, nothing indicates that the FARC even knew the political leanings of Jimenez or the Foundation.[3]

Jimenez bases his argument that the FARC persecuted him because of his political opinion on the public statement he made that the Foundation would oppose guerilla groups and the FARC's later threats to the Foundation that they needed to change their philosophy to match the FARC's. But the BIA reasonably

---

[2]Jimenez also argues that we should review only the IJ's decision because the BIA summarily affirmed the IJ's decision. But the BIA issued a separate opinion and did not summarily affirm the IJ's decision; so we review the BIA's decision. See Al Najjar, 257 F.3d at 1284.

[3]Jimenez indicated in his asylum application that he also sought relief based on his religion and membership in a particular social group. But on appeal, he argues only that the FARC persecuted him because of his political opinion. Thus, he abandons the other grounds for relief. See Sepulveda, 401 F.3d at 1228 n.2.

concluded that the threats Jimenez received were because of his, and the Foundation's, refusal to cooperate with the guerillas and support their cause. And refusal to cooperate with guerillas is insufficient to show a protected ground. See Rodriguez Morales v. U.S. Attorney Gen., 488 F.3d 884, 891 (11th Cir. 2007) (concluding that petitioner's testimony that he told the FARC that he disagreed with their cause could support an inference of persecution because of political beliefs, but that the evidence equally supported an inference that he was threatened simply because of his refusal to provide dental services); see also Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (evidence that is consistent with the petitioner's failure to cooperate with guerillas does not constitute evidence of persecution based on a statutorily protected ground).[4]

Substantial evidence supports the BIA's decision that Jimenez was unentitled to asylum; and we are not compelled to reverse the BIA's decision. Jimenez's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4. We deny the petition.

PETITION DENIED.

---

[4]Because we conclude that the BIA reasonably determined that Jimenez showed no protected ground, we need not address whether the incidents alleged rose to the level of past persecution.